FILED IN CHAMBERS
U.S.D.C. Rome

DEC 20 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

RUFUS J. DICKERSON, Jr.,

    Plaintiff,

v.

DWIGHT HAMBRICK, ROY EDGERTON,
BETTY DEAN, DR. JOHN DOE,
CORRECTIONAL OFFICER LILLARD,

    Defendants.

CIVIL ACTION

NO. 4:06-CV-0013-RLV

O R D E R

This is a civil rights action brought pursuant to 42 U.S.C.A § 1983. Pending before the court is the defendants' Motion to Dismiss [Doc. No. 24], brought under Fed. R. Civ. P. 12(b)(6) and the defense of res judicata. For the following reasons the defendants' motion is granted.

This suit arises from the alleged mistreatment the plaintiff received at Hays State Prison on January 13, 2004, when he was allegedly subjected to excessive use of force by two individuals not named in the instant action. The complaint alleges that the prison warden, Dwight Hambrick, and two of his deputy wardens, Roy Edgerton and Betty Dean, failed to ensure that adequate security measures were in place to protect him on the day the two guards allegedly assaulted him upon his arrival at Hays prison. The guards allegedly fixed his ankle and wrist restraints too tightly and then hit and choked the plaintiff after he complained of the pain from the restraints. The

motive for the guards' mistreatment was that the plaintiff had a civil suit pending against forty-five prison officials, some of which are named in this action. After the initial mistreatment, the plaintiff was placed in a segregated cell and had the legal documents pertaining to his pending claims confiscated by Officer Lillard.

According to the complaint, the plaintiff filed a previous lawsuit, <u>Dickerson v. Donald</u>, 1:04-cv-2451-CC, in this district based on the January 13, 2004, incident at Hays prison. That case was dismissed pursuant to 28 U.S.C.A § 1915A for failure to state a claim against all but two of the defendants, neither of whom is named in this action. Three of the defendants in that action who had the claims against them dismissed are also present in this case: Hambrick, Dean, and Lillard.

The defendants assert that this action should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted because these claims are barred under the doctrine of res judicata. The plaintiff contends that considering the defense of res judicata is inappropriate at the motion to dismiss stage because it would require looking at matters outside the pleadings, which would normally require converting a motion to dismiss into a motion for summary judgment. However, converting the pending motion into a summary judgment under Rule 56 is not necessary

where the existence of a res judicata defense can be judged from the face of the complaint. Concordia v. Bendekovic, 693 F.2d 1073, 1075 (11th Cir. 1982). Here, there are enough facts alleged in the complaint that, along with judicially noticed facts from the previous lawsuit, see Young v. City of Augusta ex. rel. DeVaney, 59 F.3d 1160, 1166 n.11 (11th Cir. 1995), provide a basis for considering the defense of res judicata in this Rule 12(b)(6) motion.

Under the doctrine of res judicata, four elements must be present for a claim to be barred by prior litigation: (1) a final judgment on the merits, (2) the final judgment was rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, are the same in both suits, and (4) both cases involve the same cause of action. Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).

The first two elements are easily met in this case. In the prior case, Dickerson v. Donald, which included defendants Hambrick, Dean, and Lillard, the claims against them were dismissed for failure to state a claim. That decision was a final judgment on the merits, thus establishing the first res judicata element. It was also rendered by a court in this district, undisputably a court of competent jurisdiction under the second element.

Because the parties in this action, except for defendant Edgerton, were parties in the previous action as well, the third element is met for Hambrick, Dean, and Lillard. With respect to Edgerton, the defendants assert that he meets the third element of claim preclusion because he is in privity to a party in the former suit, namely Dean. Like Dean, Edgerton was a deputy warden and supervisor at Hays State Prison when the incident giving rise to this litigation arose, and the claims against Edgerton, like Dean, allege liability for failure to supervise. According to the defendants, Edgerton meets the third element even though he was not a party in the earlier suit because the claims against him here are identical to those previously alleged against Dean and, therefore, so closely align his interests as to put him in privity with Dean.

However, this court need not make that determination here because the claims against Edgerton, on their own, do not sufficiently state a claim. Although surviving a motion to dismiss requires only that a complaint contain "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007), the allegations against Edgerton fail to meet even that low standard.

The claim against Edgerton is essentially a failure to supervise or failure to train claim based on the unconstitutional use of

excessive force by two prison guards. It is based on his capacity as a deputy warden and supervisor. However, a constitutional claim against supervisory officials cannot be based on vicarious liability or respondeat superior. Dalrymple v. Reno, 334 F.3d 991, 995 (11th Cir. 2003). The only avenue for holding an official liable based on their supervisory capacity is showing that the official participated in the wrongful conduct or establishing a causal connection between the supervisor's actions and the unconstitutional actions. Id.

In this case, the plaintiff has not alleged that Edgerton participated in or ordered the abuse. Rather, his claim seeks to hold Edgerton liable for his failure to prevent the abusing officers from assaulting him. However, the complaint does not allege any set of facts that would show Edgerton had implemented a policy that directly caused the plaintiff's abuse, and it does not allege a history of abuse that would have put Edgerton on notice of unconstitutional conduct. Consequently, the plaintiff has failed to allege a causal connection between Edgerton's actions and the constitutional deprivation presented in this action. Therefore, the plaintiff has failed to sufficiently allege a plausible claim against Edgerton.

Returning to the res judicata analysis and the fourth element, this court must decide whether the present suit involves the same

cause of action as the previous suit. In doing so, this court looks to the face of the complaint and takes judicial notice of the subject matter of the previous suit and that court's decision. See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994). The test for determining whether two cases involve the same cause of action requires finding that the substance of the actions involve the same rights and duties. Ragsdale, 193 F.3d at 1239.

In this case, the plaintiff alleges violations of his constitutional rights based on the duties of defendants Hambrick and Dean to protect the plaintiff from being assaulted while in custody. In the Dickerson v. Donald case, the plaintiff alleged a violation of his rights based on the duty of Hambrick to provide equal protection of the law and based on the duty of Dean to prevent the application of excessive force. Both cases arise from the same assault incident. Thus, both cases present nearly identical causes of action that allege a violation of the same constitutional rights and duties.

With respect to Lillard, this case alleges a retaliatory claim based on Lillard's confiscation of the plaintiff's legal documents. In Dickerson v. Donald, the plaintiff similarly alleged that Lillard violated his constitutional rights by removing from his mail certain materials relevant to his pending claims. Again, the claims in each suit arise from the same incident. Both cases, therefore, make the

6

same allegation of a constitutional violation based on confiscation of the plaintiff's mail.

In view of the nearly identical wording of the claims in both cases and, more importantly, the identical rights and duties alleged in both cases against Hambrick, Dean, and Lillard, this court concludes that the fourth element of the claim preclusion analysis has been met. Therefore, having judged that the defense of res judicata exists, the court dismisses the claims against Hambrick, Dean, and Lillard under the doctrine of claim preclusion. The claims against Edgerton are dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**CONCLUSION**

For the foregoing reasons, the defendants' Motion to Dismiss [Doc. No. 24] is GRANTED.

SO ORDERED, this 20th day of December, 2007.

ROBERT L. VINING, JR.
Senior United States District Judge